(No. 96-CV-0283–

*In re* APPLICATION OF MAURICE WHITE

*Opinion filed July 22, 1999.*
*Opinion filed September 7, 1999.*

MAURICE WHITE, *pro se.*

JIM E. RYAN, Attorney General (DONALD C. MCLAUGHLIN, JR., JOSHUA BELL and KIMBERLY M. PATE, Assistant Attorneys General, of counsel), for Respondent.

OPINION

JANN, J.

This matter was heard under the Illinois Crime Victims Compensation Act (740 ILCS 45/1 *et seq.*) and arises from an incident on June 28, 1995, wherein Claimant, Maurice White, was struck and beaten by two offenders unknown to him while he approached the front door of his home located at 4750 South Vincennes, Chicago. During the fight that ensued, Claimant in one manner or another put his right arm through the plate glass window of the front door, sustaining serious laceration wounds which necessitated a 12-day stay at Cook County Hospital.

At the hearing, the Claimant as well as Yolanda White, Claimant's wife, testified. Apparently, the injuries to his arm were so severe that Claimant has no recollection of being interviewed by police personnel at the scene of the crime nor at the hospital. The dispute before us arises as a result of the Attorney General's investigatory report which states that Claimant failed to timely notify law enforcement officials of the assault. It is undisputed that Claimant was brought to the hospital by ambulance during the early morning hours of June 28, 1995, and did not notify the Chicago Police Department of this incident until July 17, 1995. It is further undisputed that Claimant was released from the hospital on July 10, 1995, indicating a seven-day period from the time of his release until the time he reported the incident to the police and was presumably prepared to cooperate in the apprehension of the

assailants. The question before the Court is whether the Claimant had justifiable reasons for waiting seven days after he was released from the hospital to notify the police department. It is Claimant's contention, supported by his wife's testimony, that he was heavily medicated and needed the seven-day-at-home recuperation period in order to be coherent enough to make a proper police report. Except for suggesting that the medical reports as to the drugs prescribed by the hospital were unclear, the Respondent seems not to disagree to this contention.

The serious nature of Claimant's injury and the tremendous loss of blood attendant thereto suggests that it might very well take someone a recuperation period of seven days before they are ready to venture out of the house and conduct their business. In that regard, we believe that the Claimant has properly established that his notification to the police department was timely under the circumstances.

However, unfortunately, Claimant offered no proof whatsoever of lost earnings, although he did testify that prior to the incident he was working at the Drake Hotel. Nor did Claimant offer any unpaid hospital or other medical bills which he might have been entitled to claim as damages for compensation.

It is hereby ordered that Claimant shall be granted 30 days from entry of this order to substantiate his claim by submitting proofs of lost wages and medical expenses to the Attorney General. The Attorney General is directed to file a supplemental report with the Court within 45 days of receipt of Claimant's proofs.

Claimant's failure to substantiate his claimed pecuniary losses within 30 days of entry of this order shall result in denial of this cause without order of Court.

## OPINION

PER CURIAM.

This claim arises out of an incident that occurred on January 28, 1995. The Claimant, Maurice White, sought compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. 740 ILCS 45/1 *et seq.* (1994).

The Claimant was denied compensation by order of the Court on July 5, 1996. This claim is now before the Court pursuant to a request by the Claimant to reconsider his claim for compensation.

This Court has carefully reviewed its prior order in this cause, the Claimant's request to reconsider his claim for compensation and a supplemental investigatory report by the Attorney General's office. Based on all of the above, the Court finds:

1. That, on July 5, 1996, the Court of Claims entered an order denying the Claimant compensation because the Claimant failed to notify the appropriate law enforcement officials within the prescribed 72-hour time limit.

2. That, on August 12, 1996, the Claimant requested the Court to reconsider his claim for compensation. The Court granted the Claimant's request and assigned the claim to Commissioner Jeffery T. Whipple on October 2, 1996.

3. That, following a hearing conducted by Commissioner Jeffery T. Whipple, the Court entered an order on July 22, 1999, in which it ruled that the Claimant notified the police department more than 72 hours after the perpetration of the crime. However, due to the nature of the Claimant's injuries, the Court determined that the Claimant has properly established that his delayed notification

to the police department was timely under the circumstances. In addition, the Court granted the Claimant 30 days to submit documentation to substantiate his claim. The Court referred the claim to the Attorney General's office for further investigation.

4. That, based on the aforementioned facts, the Court finds that the Claimant was an innocent victim of a violent crime and that he has complied with all of the eligibility requirements of section 6.1 of the Act.

5. That the Claimant seeks compensation for medical/hospital expenses and loss of earnings.

6. That after considering insurance and other sources of recovery, the Claimant's net loss for medical/hospital expenses is $13,900. To date, the Claimant has paid nothing towards this amount.

7. That section 2(h) of the Act states that loss of earnings shall be determined on the basis of the victim's average net monthly earnings for the six months immediately preceding the date of the injury or on $1,000 per month, whichever is less.

8. That the Claimant's average net monthly earnings for the six months immediately prior to the incident were $165.08. Claimant was disabled and unable to work for a period of four months and 15 working days. Based upon $165.08 per month, the maximum compensation for loss of earnings if $772.82.

9. That the Claimant has received no reimbursements that can be counted as an applicable deduction under section 10.1(e) of the Act.

10. That the Claimant's net compensable loss is based on the following:

644

|                              | Compensable Amount |
| ---------------------------- | ------------------ |
| Cook County Hospital         | $13,900.00         |
| Compensable Loss of Earnings | 772.82             |
| Total                        | $14,672.82         |

11. That the Claimant has complied with pertinent provisions of the Act and is entitled to compensation thereunder.

12. That pursuant to section 18(c) of the Act, the Court may order that all or a portion of an award be paid solely and directly to the provider of services. In the instant case, the Court finds this section applicable and orders that direct payment be made.

It is hereby ordered that the sum of $772.82 (Seven Hundred Seventy-Two Dollars and Eighty-Two Cents) be and is hereby awarded to Maurice White, an innocent victim of a violent crime.

It is further ordered that the sum of $13,900 (Thirteen Thousand Nine Hundred Dollars) be and is hereby awarded to Cook County Hospital for the hospital expenses of Maurice White.